
Meister Seelig & Fein LLP

*Henry E. Mazurek*
*Partner*
*Direct Dial (212) 655-3594*
*Fax (212) 655-3535*
*hem@msf-law.com*

December 6, 2019

Via ECF

Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    *United States v. Barca, Jr., (A. Campos),*
                          **19 Cr. 575 (FB)**

Dear Judges Block and Cogan:

    We write on behalf of defendant Andrew Campos in the above-referenced matter. Mr. Campos was arrested on a sealed indictment yesterday, December 5, 2019. Before his presentment before Magistrate Judge Reyes, the Indictment, 19 Cr. 575, was unsealed (but redacted) and publicly docketed. (ECF Doc.15.) Also, the government moved for remand of Andrew Campos and three other co-defendants. In its detention motion, the government added footnote 1, revealing that: "[t]he government has filed a motion to have these cases reassigned to the Honorable Brian M. Cogan as related to other cases filed as part of this investigation that have been previously assigned to Judge Cogan." (Gov. Remand Motion, ECF Doc. 17.)

    The government's motion to have this case, 19 Cr. 575 (FB), reassigned to Judge Cogan based on the related criminal case rule, Rule 50.3.2, of the Local Rules of the Eastern District of New York (hereinafter "EDNY Local Rules"), remains under seal. We hereby move for the unsealing of that motion and respectfully request an opportunity to be heard on it.

Hon. Frederic Block<br>
Hon. Brian M. Cogan<br>
December 6, 2019<br>
Page 2 of 3

As the Court is aware, the EDNY Local Rule 50.3.2(c)(2) directs that: "[t]he USAO may move for leave to file a notice required by the rule ex parte and under seal for good cause shown. The USAO shall promptly move to unseal the notice once the need for ex parte and sealed filing no longer exists." Here, the indictment in this proceeding was unsealed yesterday by Order of Magistrate Judge Reyes, but all other sealed documents filed by the USAO remain under seal. Because the Indictment is now public, we ask that the government's motion to reassign this case from the originally randomly assigned district court judge also be unsealed and filed publicly, as contemplated by the EDNY Local Rules.

The EDNY Local Rules further provide an opportunity for the defendants charged in a criminal indictment to have notice and an opportunity to be heard on any related case motion made by the USAO. Specifically, EDNY Local Rule 50.3.2(d) states: "any defendant may request that a case previously assigned to a judge as related be reassigned to the original judge on the ground that it was not properly related. Such requests shall be made by filed letter in both cases, addressed to both judges." Of course, without having access to the *ex parte* and under seal motion made by the USAO, we cannot evaluate the basis for the government's motion.

The impartial and random selection of judges to preside over a criminal case is fundamental to the notions of due process and fair play. As the Second Circuit has recognized, "a criminal justice system in which the prosecutor alone is able to select the judge of his choice to preside at trial, even in limited types of cases, raises serious concerns about the appearance of partiality, irrespective of the motives of the prosecutor in selecting a given judge." *Francolino v. Kuhlman,* 365 F.3d 137, 141 (2d Cir. 2004). Random assignment serves to promote real and perceived impartiality in the administration of justice. *See Sherfey v. Johnson & Johnson*, No. 12-4162, 2012 WL 3550037, at *2 (E.D. Pa. Aug. 17, 2012) ("[T]he policies underpinning the system of random assignment encourage transparency, fairness, and avoiding the appearance of arbitrariness."); *Grutter v. Bollinger*, 16 F.Supp.2d 797, 802 (E.D. Mich. 1998) ("A system of random assignment is purely objective and is not open to the criticism that business is being assigned to particular judges in accordance with any particular agenda.")

This need for transparency, fairness, and avoiding the appearance of partiality gives compelling reason for this Court immediately to unseal the government's motion to have the case assigned to a different judge than the one originally assigned.

We further request, on behalf of defendant Andrew Campos, an opportunity to be heard on the government's motion, if necessary. In this regard, we ask the Court to set a briefing schedule on the government's related case motion. If the Court orders the government's motion unsealed, we would be prepared to submit a response letter to the Court by Wednesday, December 11, 2019. Again, we believe that transparent litigation on this issue is consistent with EDNY Local Rule 50.3.2, and constitutional notions of fair play.

Hon. Frederic Block
Hon. Brian M. Cogan
December 6, 2019
Page 3 of 3

We are available to be heard on this motion at a time and date convenient to the Court.

Respectfully yours,

/s/

Henry E. Mazurek
Ilana Haramati
Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3594

cc: Government Counsel (by ECF)
Co-Defendants' Counsel (by ECF)