

U.S. Department of Justice

United States Attorney
Eastern District of New York

NS:KDE/KCB
F.#2015R00270

271 Cadman Plaza East
Brooklyn, New York 11201

December 9, 2019

By E-mail and ECF

Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Renato Barca, Jr., et al.,
                 Criminal Docket No. 19-575
                 United States v. Mark Kocaj,
                 Criminal Docket No. 19-577

Dear Judges Block and Cogan:

      The government respectfully submits this letter in opposition to the defendant Andrew Campos's motion to unseal the government's December 4, 2019 letter requesting that the two above-referenced cases ("Barca" and "Kocaj") be reassigned to Judge Cogan as related to other cases filed as part of this investigation that had been previously assigned to Judge Cogan. See Def. Ltr., ECF Dkt. No.[1] 23.

      On December 4, 2019, a grand jury returned the indictments in Barca and Kocaj. Simultaneously with the filing of the indictments, the government filed a letter (the "Relation Letter") pursuant to the Local Rules (i) notifying Judge Cogan and the judge(s) to be assigned that Barca and Kocaj are presumptively related to the previously filed cases; and

---

[1] All ECF docket entries relate to the Barca docket.

(ii) requesting that, after Barca and Kocaj were randomly assigned, they both be reassigned to Judge Cogan. See Local R. 50.3.2(c)(1) (stating that it is the government's "affirmative obligation" to provide "notice to all relevant judges whenever it appears that one case may be presumptively related to another" and state whether the government seeks reassignment). As detailed in the Relation Letter, Barca and Kocaj are "presumptively related" to the previously filed cases because "the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s)." Id. 50.3.2(b)(1). In accordance with the Local Rules, the government also requested that the Relation Letter be filed ex parte and under seal, setting forth specific facts therein justifying that request. See id. 50.3.2(c)(2) (permitting the government to "move for leave to file a notice required by the rule ex parte and under seal for good cause shown").

Campos requests that the Relation Letter be unsealed because, among other things, "the [Barca] Indictment is now public." Def. Ltr. at 2. He also seeks to be heard on the issue of possible reassignment pursuant to Local Rule 50.3.2(d), requesting that the Court "set a briefing schedule on the government's related case motion" because, he contends, "transparent litigation on this issue is consistent with [the Local Rules] and constitutional notions of fair play." Id. Neither request should be granted.

First, the government reiterates that, for the reasons detailed in the Relation Letter, it was property filed ex parte and under seal, and should remain so for the time being even after the unsealing of the Barca and Kocaj indictments. Among other things, the Relation Letter describes multiple cooperating witnesses as well as the government's ongoing investigation, which the Second Circuit has recognized justifies ex parte and under seal filing. See, e.g., United States v. Doe, 63 F.3d 121, 128, 130 (2d Cir. 1995) (recognizing "privacy interests of . . . victims or other persons" as "[c]ompelling interests" justifying courtroom closure because the "problem of retaliatory acts against those producing adverse testimony is especially acute in the context of criminal organizations"); United States v. Amodeo, 44 F. 3d 141, 147 (2d Cir. 1995) (stating that the need to "protect the identities of cooperating witnesses and others involved in [an] investigation" are "proper concerns" in determining whether a document should be unsealed); see also United States v. Rodriguez, 725 F.3d 271, 278 (2d Cir. 2013) (reaffirming that the Court remains "ever mindful of the significant public safety risks to cooperating defendants or the hazards to ongoing government investigations that exposing even the fact of cooperation may pose"). In addition, the government confirms that, as required, it will "promptly move to unseal the notice once the need for ex parte and under seal filing no longer exists." Local R. 50.3.2(c)(2). Although Campos of course cannot address the specifics of the government's request, his motion to unseal provides no reason to doubt the need for ex parte and under seal treatment. Therefore, despite Local Rule 50.3.2(d)'s allowance of "[i]nput [f]rom [d]efendants," this cannot override the need for ex parte and under seal filing.

Second, there is no need to unseal the Relation Letter (or set a briefing schedule) to promote "transparency, fairness, and avoiding the appearance of partiality." Def. Ltr. at 2. As set forth above, the government filed the Relation Letter simultaneously with the return of the Barca and Kocaj indictments because they were presumptively related

2

to previously filed cases that had been assigned to Judge Cogan through random assignment. The Relation Letter notified Judge Cogan and the judges to be randomly assigned – whomever they might be – of the presumptive relation and requested that they be reassigned to Judge Cogan to conserve judicial resources. Therefore, there is no possibility that the government was "judge shopping," as Campos's inapposite, cited authority appears to suggest. Cf. Francolino v. Kuhlman, 365 F.3d 137, 141-42 (2d Cir. 2004) (affirming the denial of habeas corpus relief where the state court prosecutor "effectively select[ed] the trial judge" under a now-obsolete practice); Sherfey v. Johnson & Johnson, 2012 WL 3550037, at *2 (E.D. Pa. Aug. 17, 2012) (opining on an Eastern District of Pennsylvania Local Rule governing civil cases in which a related case is "automatically given to the judge before whom [the] earlier cases were assigned"); Grutter v. Bollinger, 16 F. Supp. 2d 797, 802 (E.D. Mich. 1998) (discussing a case in which a judge disqualified herself but "personally selected" the new judge).

Rather, the government filed the Relation Letter, as required by the Local Rules, permitting the relevant judges to decide the issue as they deem fit. Unsealing the Relation Letter, or permitting further briefing on the issue, would do nothing to promote "transparent litigation." Instead, it would only serve to undermine the demonstrated need for ex parte and under seal filing. Campos's requests should therefore be denied.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: \_\_\_/s/_____
Keith D. Edelman
Kayla C. Bensing
Assistant U.S. Attorneys
(718) 254-6328/6279