

125 Park Avenue, 7th Floor
New York, NY 10017
Telephone (212) 655-3500
Facsimile (212) 655-3535

Henry E. Mazurek
*Partner*
Direct (212) 655-3594
Fax (646) 682-9222
hem@msf-law.com

December 20, 2019

**VIA ECF**

Hon. Frederic Block
United States District Court Judge
United States Courthouse
225 Cadman Plaza East
Courtroom 10C South
Brooklyn, NY 11201

Re:   *United States v. Andrew Campos*, 19-cr-575

Dear Judge Block:

We represent Defendant Andrew Campos in the above-referenced case. As directed by the Court during the December 19, 2019 hearing, we write to propose additional bail conditions for Mr. Campos' release which, through the use of technology, will allow "the defendant [to] be watched while at home." (Minute Entry, Dec. 19, 2019.) As the Court is aware, the charges in this case and the defendant's personal history create a presumption of bail, in addition to the presumption of innocence accorded every criminal defendant. *See* 18 U.S.C. §§ (b), (c), (j). For all of the reasons stated in our earlier letter submissions, dated December 11 and 17, 2019, we respectfully submit that the proposed conditions, as enhanced by the additional conditions proposed herein, are more than sufficient to ***"reasonably assure"*** the Court that Mr. Campos will not "endanger the safety of any other person or the community," and will not present a "serious risk" that he will "obstruct or attempt to obstruct justice." 18 U.S.C. §§ 3142(c), (f)(2)(B). The Court should, therefore, order Mr. Campos' release on the substantial conditions proposed. *See* 18 U.S.C. § 3142(c) (the "judicial officer ***shall*** order the pretrial release of the person -- . . . (B) subject to the ***least restrictive*** further condition, or combination of conditions, that such judicial officer determines will reasonably assure . . . the safety of any other person and the community…") (emphasis added).

In response to the Court's direction that "the parties explore methods whereby the defendant can be watched while at home," (Minute Entry Dec. 19, 2019), Mr. Campos proposes the following additional conditions of pretrial release:

- Mr. Campos's home is equipped with a video security system that permits real-time video monitoring of the entrances to the home, and also preserves recordings of the video footage. Mr. Campos agrees to allow the government and Pretrial Services to monitor the real-time feed and control and preserve the recordings of this video security system; and

- Electronic monitoring of Mr. Campos' cellular telephone and other internet capable devices, through software available to E.D.N.Y. Pretrial Services (we have consulted with Pretrial Services and can confirm that it has access to this technology). Mr. Campos agrees not to access internet capable devices belonging to his wife and four daughters, and these devices shall each have encryption protection, and Mr. Campos shall not have access to any passwords.[1]

As discussed in Mr. Campos' bail appeal and reply letters [Dkt. 86; Dkt. 99], he also proposes the following conditions of release:

(1) A $4,500,000 personal recognizance bond, substantially secured by three homes belonging to Mr. Campos' close family members and two lifelong friends[2];

---

[1] This condition was an element of co-defendant Richard Martino's bail package, which Magistrate Judge Levy deemed sufficient to warrant his release. We note that the government claims that Mr. Martino has a similar long history and standing in the alleged organized crime organization charged in this Indictment that it also alleges against Mr. Campos. *See* Order Setting Conditions of Release as to Richard Martino [Dkt. 93] at 1, 4 (Dec. 12, 2019).

[2] The Simone and Paganelli families, lifelong friends of Mr. Campos, are willing to post their most substantial personal, emotional and financial assets – their own homes – where they live with young children. They have been interviewed and approved by the government as financially responsible persons with no connection to the criminal conduct charged here. Mario Simone, one of the proposed suretors, has appeared at both of Mr. Campos' initial bail hearings – on the date of Mr. Campos' arrest, December 5, 2019, and at yesterday's appearance before this Court. He has known Mr. Campos since childhood – for about 40 years. He and his family, including four minor children ranging in ages from 5 to 13, live modestly in their Nanuet home. Mr. Simone, to this day – after 40 years of contact with Mr. Campos – still finds time to talk to him two-to-three times per month, and sees Mr. Campos on average once per month, but sometimes two-to-three times per month (especially around holidays). Roger Paganelli also has known Mr. Campos since childhood – or 40 years – and has agreed to post his family home, with fair market value in excess of $3.5 million, which represents a sizable majority of his lifetime achievement of savings and hard work in the pharmacy business. Mr. Paganelli also has children at home. These lifelong

  (2)  Home detention in his family home in Scarsdale, New York, where his wife and four daughters reside (ages 17-22), with electronic monitoring (by G.P.S tracking device);

  (3)  Travel restricted to pre-arranged medical and legal visits, as authorized by Pretrial Services;

  (4)  Continued surrender of Mr. Campos' passport, and an agreement not to secure new travel documents;

  (5)  Associational bars as deemed appropriate by the Court; and

  (6)  Supervision by Pretrial Services, as directed.

  Mr. Campos' proposed bail conditions are similar to or more strenuous than the bail conditions ordered by ***three separate Magistrate Judges*** for the release of co-defendants Richard Martino, Mark Kocaj, and related party, Adrial Lopez,[3] all of whom the government also moved to detain. Co-defendant Martino's bail conditions, ordered by Magistrate Judge Levy, included: (1) a $4.5 million personal recognizance bond secured by five properties, (2) home detention with GPS location monitoring, (3) cyber monitoring, including a requirement that any internet capable devices belonging to Mr. Martino's family members remain password protected, and that Mr. Martino will not have access to the devices' passwords, and (4) associational bars. *See* Order Setting Conditions of Release as to Richard Martino [Dkt. 93] at 1, 4 (Dec. 12, 2019). Co-Defendant Kocaj (charged in two separate indictments with counts of violence, including alleged associations with two separate organized crime entities (alleged Gambino family and Albanian organized crime) was released by Magistrate Judge Bulsara on December 6, 2019 on conditions substantially less restrictive than those Mr. Campos proposes: (1) a $600,000 personal recognizance bond secured by three properties, (2) home detention, and (3) associational bars.

---

friends carry enormous moral suasion on Mr. Campos, who knows he would ruin their lives if he violated bail, and young children – even as young as 5 and 7-years-old – would be impacted. For both the Simone and Paganelli families, Mr. Campos knows that their livelihoods and family safety are at stake; they would be wiped out financially. We note also that Mr. Campos has offered his own home as collateral for the bond, but the government has objected to its use because it is one of the properties the government seeks to forfeit in this Indictment.

[3] Although Adrial Lopez is not a co-defendant in this case, he was arrested on a related criminal complaint, and the government moved for his detention simultaneously with Mr. Campos and included him in the omnibus detention letter. He has a prior criminal history that includes violence; is charged with having threatened or used violence in the pending criminal complaint; and is alleged to have been in the loansharking business for many years. *See* Government's Motion to Remand as to Andrew Campos, Vincent Fiore, Mark Kocaj, Richard Martino [Dkt. 17] (Dec. 6, 2019). In stark contrast, Mr. Campos has **no** history of directing or engaging in acts of violence at all.

Order Setting Conditions of Release as to Mark Kocaj [Dkt. 83] (Dec. 9, 2019). Finally, Magistrate Judge Gold ordered Adrial Lopez's release subject to the following conditions: (1) a $750,000 personal recognizance bond, co-signed by eight financially responsible individuals, (2) curfew with monitoring by Pretrial Services, and (3) associational bars. *United States v. Adrial Lopez*, 19-mj-1126 [Dkt. 10] (Dec. 16, 2019). Notably, the government has proffered that it has evidence of direct threats of violence made by Mr. Kocaj and Mr. Lopez—the government has proffered no such evidence as to Mr. Campos. Despite the accumulation of years of evidence, including Title III wiretaps of multiple phones of the defendants over several continuous months, an oral communications surveillance bug in Mr. Campos' business office for several months, voluminous consensual recordings, and years of physical surveillance of Mr. Campos, the government has proffered ***not a single incident of the use or threatened use of violence by Mr. Campos or violence personally directed by Mr. Campos.*** It relies only on the words of others in its single alleged extortion – which involves a fellow construction subcontractor who went to Mr. Campos' office almost every day, right up to the date of Mr. Campos' arrest, belying any inference of fear or danger.

Finally, Mr. Campos was released on bail in his prior federal wire fraud case, with no house arrest or electronic monitoring. He freely traveled within the Southern and Eastern Districts of New York and had perfect compliance with his pretrial release conditions, a period that lasted more than one year through his sentencing. In fact, he was permitted to self-surrender to the designated Bureau of Prisons facility to serve his sentence in this prior fraud case.

Mr. Campos poses no threat of dangerousness or serious risk of obstructive conduct based on this record. In any event, because his proposed bail conditions ameliorate any substantial risk, he has satisfied the requirements of the Bail Reform Act and presented a combination of conditions that are "sufficient to reasonably assure the Court" that he does not present a danger to the community or pose a serious risk of future obstructive conduct in these proceedings. 18 U.S.C. § 3142(c). In a case where the government bears the burden of proving the need for detention by clear and convincing evidence on the ground of dangerousness, it has absolutely failed to meet its burden. Here, the presumptions of bail and innocence equally apply. We respectfully submit that bail should be ordered as requested.

Respectfully submitted,

/s/ HEM
Henry E. Mazurek
Ilana Haramati
Meister Seelig & Fein LLP
125 Park Avenue, Suite 700
New York, New York 10017

*Counsel for Defendant Andrew Campos*