```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                              **MEMORANDUM AND ORDER**
                                                Case No. 19-CR-575-2 (FB)
ANDREW CAMPOS,

                        Defendant.
--------------------------------------------------x
```

**BLOCK, Senior District Judge:**

On December 5, 2019, Magistrate Judge Reyes ordered defendant Andrew Campos detained pending trial, finding that there was "a serious risk that the defendant will endanger the safety of another person or the community." DE 33. Campos appealed. The Court finds that the additional security offered by Campos warrants his release on the terms set forth below.

Campos is charged with racketeering, tax fraud, tax evasion, money laundering, making false statements to government agents, extortionate credit collection, wire fraud and obstruction of justice. None of the charges involves an offense carrying a presumption of detention. *See* 18 U.S.C. § 3142(e)(3). Therefore, he is entitled to release "subject to the least restrictive . . . condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community," 18 U.S.C. § 3142(c)(1)(B), unless the Court finds "that no condition or combination of

1

conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government must establish dangerousness by clear and convincing evidence. *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citing 18 U.S.C. § 3142(f)(2)).

Detention is also warranted if there is "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(B). As with dangerousness, the Court must first determine whether the defendant presents a risk of obstruction, and then whether any condition or combination of conditions will reasonably assuage that risk. *See United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The government must establish a risk of obstruction by a preponderance of the evidence. *See id.*

The government argues that Campos poses a danger because he is a captain in the Gambino family. Affiliation with a crime family is not an adequate substitute for actual evidence of dangerousness. *See United States v. Persico*, 376 F. App'x 155, 157 (2d Cir. 2010) (reversing finding that son of Carmine Persico and brother of Alphonse Persico was dangerous because "the government offers no direct evidence of Persico either using violence or directing others to use violence"). The evidence proffered is that Campos loaned money to "John Doe" and then extorted repayment by "unlawfully retaining money otherwise due to Doe for his services."

2

DE 17 at 12-13.  The Court acknowledges that dangerousness encompasses more than physical violence.  With respect to obstruction, the government proffers evidence that Campos bribed a witness to lie to the grand jury and had another grand jury witness fired for testifying truthfully.

The Court need not decide whether the government's proffer is sufficient to demonstrate, by the relevant standard, that Campos is likely to engage in similar behavior going forward.  *See United States v. Madoff*, 586 F. Supp. 2d. 240, 250 (S.D.N.Y. 2009) ("To be sure, the Court should consider past behavior in assessing the likelihood of prohibited behavior in the future, but the Government needs to show that there is a serious risk that these potential harms exist going forward."). Instead, it concludes that there are conditions sufficient to reasonably mitigate that risk.

Campos has consented to travel restrictions, home confinement, and monitoring.  These conditions severely limit his ability to engage in other crimes or acts of obstruction without the government's knowledge.  To be sure, they do not perfectly recreate the security of a jail.  But Campos also proposes a $4.5 million bond secured by eight suretors and four homes belonging to family members and friends.  The Court concludes that this security—and the risk of its loss should Campos violate any of the conditions of his release—provides adequate "moral suasion" to ensure his compliance.  *See United States v. Batista*, 163 F. Supp. 2d

222, 224 (S.D.N.Y. 2001) ("[A] defendant must show that the proposed suretors exercise moral suasion to ensure the defendant's presence at trial.").

Therefore, the Court orders that Campos be released pending trial on the following conditions:

**Standard Conditions**

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the Court, Pretrial Services, defense counsel and the U.S. Attorney in writing before making any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.

(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(6) If the defendant fails to report as required to Pretrial Services, the defendant may be subject to such random visits at his residence by a Pretrial Services Officer as may be necessary to verify his residence in order to secure compliance with the order of release.

(7) The defendant must not possess a firearm, destructive device, or other weapon.

**Additional Conditions**

(1) The defendant shall execute a $4.5 million appearance bond, in the same form as the appearance bond for his co-defendant Richard Martino (DE 93). The bond shall be signed by the eight suretors and secured by the four homes referenced in the defendant's submissions.

(2) The defendant is placed under the supervision of Pretrial Services and is subject to random visits by a Pretrial Services officer at his residence; must report as directed by Pretrial Services; and is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:

> Home Detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, religious services or other activities approved by Pretrial Services.

The defendant must stay at his residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.

(3) The defendant is subject to electronic monitoring of his cellular telephone and other internet-enabled devices by Pretrial Services.

(4) The defendant shall not access any cellular telephones or other internet-enabled devices belonging to his wife and children. All such devices shall be protected by passwords to which the defendant does not have access.

(5) The defendant shall give the government and Pretrial Services access to the real-time feed and recordings of the video security system at his home.

(6) The defendant must abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the Court, Pretrial Services may require use of one of the following or comparable monitoring technology: radio frequency (RF) monitoring; passive global positioning satellite (GPS) monitoring; active global positioning satellite (GPS) monitoring (including "hybrid" (active/passive) GPS); voice recognition monitoring.

(7) The defendant must remain in and may not leave Westchester County and the five boroughs of New York City without Court permission, and may only travel to and from this Court and the permitted areas.

(8) The defendant must avoid all contact with any co-defendants, witnesses, and members of organized crime, except in the presence of counsel.

(9) If he has not already done so, the defendant must surrender all passports to Pretrial Services and must not obtain other passports or international travel documents.

## Advice of Penalties and Sanctions to the Defendant

The defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if the defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) any other sentence defendant may receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, the defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, the defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If the defendant is convicted of:
> (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – the defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
> (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – the defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;
> (3) any other felony – the defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;
> (4) a misdemeanor – the defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

Campos shall be released immediately upon execution of the above-referenced appearance bond before a judicial officer. Defense counsel, the government, and the Marshals shall make their best efforts to secure the appearance of Campos and the suretors before the assigned duty officer before Wednesday, December 25, 2019.

**SO ORDERED.**

      /S/ Frederic Block_____  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
December 23, 2019