

125 Park Avenue, 7th Floor
New York, NY 10017
Telephone (212) 655-3500
Facsimile (212) 655-3535

Henry E. Mazurek
*Partner*
Direct (212) 655-3594
Fax (646) 682-9222
hem@msf-law.com

January 13, 2020

**VIA ECF**

Hon. Frederic Block
United States District Court Judge
United States Courthouse
225 Cadman Plaza East
Courtroom 10C South
Brooklyn, NY 11201

     Re:    *United States v. Andrew Campos*, 19-cr-575

Dear Judge Block:

     We represent Defendant Andrew Campos in the above-captioned case. We respectfully write to request a modification to Andrew Campos' conditions of release to permit him to associate with his father, co-defendant George Campos, outside the presence of counsel. We have discussed this application with counsel for George Campos, who joins this request.[1]

     Mr. Campos' bail conditions presently require him to "avoid all contact with any co-defendants . . . except in the presence of counsel." (Mem. and Order Granting Andrew Campos' Motion for Pretrial Release [Dkt. 105] at 5 (Dec. 23, 2019); *see also* Order Setting Conditions of Release and Appearance Bond as to Andrew Campos [Dkt. 112] at 1 (Dec. 26, 2019).) This blanket associational bar prohibits Mr. Campos from meeting with his own father, who is a co-defendant, outside the presence of counsel. Because Mr. Campos and his father had a close relationship prior to their arrest in which they regularly saw each other at family gatherings, this restriction effectively interferes with their broader familial relationships. For example, under the present conditions, George Campos may not: (1) visit his four grandchildren, Mr. Campos' children at their home where Mr. Campos is presently on home detention, or (2) attend family events at Mr. Campos' home, such as family holiday gatherings and birthday celebrations.[2]

---

[1] It is our understanding that the government intends to oppose this request.

[2] Presently, because Andrew Campos is on home detention, any holiday celebration or family event involving his immediate family, his wife and daughters, would take place at his home. The associational bar thus precludes George Campos from participating in those gatherings.

Moreover, under present conditions, George and Andrew Campos are unable even to speak to one another regarding fundamental parent-child issues, such as family health-related concerns, reporting on grandchildren schedules and visits, or even dealing with everyday family issues. This overbroad prohibition on basic family communication is not "the least restrictive further condition" of release to ensure the safety of the community. 18 U.S.C. § 3142(c). Indeed, George Campos is not charged with any crime of violence, or predicate act of violence, being only charged with a scheme of making false statements to OSHA.

This restriction on the father-son relationship appears wildly overbroad in the context of these charges. Moreover, prohibiting Mr. Campos from contacting his father outside the presence of counsel is unduly burdensome on the Campos family more broadly. Accordingly, we respectfully request that the Court modify Mr. Campos' bail conditions to permit him to associate with his father, co-defendant George Campos, outside the presence of counsel.

        Respectfully submitted,

        /s/ HEM
        Henry E. Mazurek
        Ilana Haramati
        Meister Seelig & Fein LLP
        125 Park Avenue, Suite 700
        New York, New York 10017

*Counsel for Defendant Andrew Campos*