

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

KDE/KCB
F.#2015R00270

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 14, 2020

By Hand and ECF

Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Andrew Campos
Criminal Docket No. 19-575 (FB)

Dear Judge Block:

The government respectfully submits this letter in opposition to the motion filed by the defendants Andrew Campos ("A. Campos") and G. Campos ("G. Campos") to modify their bail conditions to permit them, fellow Gambino organized crime family members and father and son, to associate with one another outside the presence of counsel. See Def. Ltr., ECF Dkt. No. 131.

On December 23, 2019, over the government's objection, the Court ordered that A. Campos be released pending trial under strict conditions. See Mem. & Order, ECF Dkt. No. 105. One of the conditions imposed by the Court was that A. Campos avoid "all contact with any co-defendants . . . and members of organized crime," without exception, except in the presence of counsel. Id. at 5. In ordering A. Campos's release, the Court held that the specified conditions were sufficient to guard against the proffered risk that A. Campos poses a danger to the community and will continue to obstruct justice. See id. at 2-3. As it explained at the December 19, 2019 conference on A. Campos's motion for release, the government is particularly concerned with A. Campos's ability to continue to conduct the affairs of the Gambino organized crime family and obstruct the ongoing investigation and prosecution by passing messages to/through other Gambino crime family members and associates. In overruling the government's concerns, the Court fashioned certain restrictions, including not associating with co-defendants and members of organized crime, as well as monitoring of all Internet-enabled devices, to "severely limit [A. Campos's] ability to engage in other crimes or acts of obstruction without the government's knowledge." Id. at 3.

In the instant bail modification request, A. Campos seeks to severely dilute the strict conditions placed upon him and permit him free access to another inducted Gambino crime family member so that they can discuss whatever they want, whenever they want, with no oversight by Pretrial Services or the government.[1] The government respectfully submits that this proposed modification would undermine the careful restrictions set by the Court and permit A. Campos to freely pass messages through G. Campos to other members (and associates) of the Gambino crime family, as well as to continue to obstruct the instant case and ongoing investigation. See generally Dec. 5, 2019 Detention Memo., ECF Dkt. No. 17. This risk is especially high given that, although A. Campos has a number of stringent restrictions imposed on him as part of his pretrial release, G. Campos does not.

The government, of course, recognizes that G. Campos is A. Campos's father, and therefore not all communications between them may pertain to the goings-on of the Gambino crime family or the instant case. Nevertheless, the risk posed by unfettered contact is too great to warrant the requested modification. For one thing, as mentioned above and detailed in the government's previous filings, the Second Circuit has recognized the particular risks associated with members of organized crime, which include the ability to pass messages to others to continue to operate an ongoing, criminal venture.

Moreover, the "interf[erence] with their broader familial relationships" is not as dismal as A. Campos suggests. Def. Ltr. at 1-2. Although G. Campos cannot presently visit A. Campos at his home, G. Campos, who is not on home detention, can see his four grandchildren (A. Campos's children) anywhere else and any time they would like. Cf. id. at 1 (stating that G. Campos may not "visit his four grandchildren, Mr. [A.] Campos' children[,] at their home where Mr. [A.] Campos is presently on home detention"). Further, the instant application fails to explain why G. Campos and A. Campos must directly speak about "fundamental parent-child issues . . . such as family health-related concerns, reporting on grandchildren schedules and visits, or even dealing with everyday family issues."[2] Id. at 2. G. Campos, who is 72 years old, can speak with any other family member (including A. Campos's wife) to discuss his grandchildren, and A. Campos, who is 50 years old, can speak with any other family member (including G. Campos's wife) about such family issues. The only blood-related associational bar the government requests – which the Court previously ordered – is that A. Campos be precluded from speaking with G. Campos during the pendency of the case. This is not a "wildly overbroad" condition of release, id., but rather a limited one necessary to ensure the safety of the community and to prevent any additional obstructive efforts.[3]

---

[1] A. Campos's letter does not indicate Pretrial Services's position on the request.

[2] Indeed, G. Campos was released on bond on December 5, 2019 and not permitted to associate with his son but did not make any request for a modification until joining A. Campos's request filed yesterday.

[3] The fact that G. Campos is charged only with being part of a scheme to fraudulently obtain safety cards from the Occupational Safety and Health Administration, see Def. Ltr. at

Accordingly, the government respectfully requests that the Court deny the Camposes application to permit them to associate outside the presence of counsel.[4]

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/
Keith D. Edelman
Kayla C. Bensing
Assistant U.S. Attorneys
(718) 254-6328/6279

cc: Clerk of Court (by ECF)
Defense Counsel (by ECF)

---

2, does not eliminate the need for the non-contact provision as A. Campos is alleged to be a high-ranking captain in the Gambino crime family and G. Campos is also an inducted member of that criminal organization. See Ind., ECF Dkt. No. 15, ¶¶ 12-13.

[4] The government notes that its position may change if and when A. Campos and G. Campos are convicted in the instant case, as the risk of obstruction of justice at that point is reduced.