

*Henry E. Mazurek*
*Partner*
Direct (212) 655-3594
Fax (212) 655-3535
hem@msf-law.com

April 9, 2020

**Via ECF**

Hon. Frederic Block
United States District Court Judge
United States Courthouse
225 Cadman Plaza East
Courtroom 10C South
Brooklyn, NY 11201

    Re:    *United States v. Andrew Campos*, 19-cr-575

Dear Judge Block:

    We represent Defendant Andrew Campos in the above-captioned case. We write to request a temporary modification of the Protective Order (ECF Doc. 141) that was earlier entered in this case governing the dissemination and duplication of discovery material. This requested modification is presented with consent of the government and is joined by all co-defendants. Specifically, the requested modification will permit Mr. Campos and his co-defendants to personally possess and review "Protected Witness Discovery Material" outside the presence of counsel for the duration of the COVID-19 emergency in the State of New York.

    Presently, the Protective Order severely limits dissemination of certain specifically designated discovery material by the government, called "Protected Witness Discovery Material." Specifically, according to paragraph 3 of the Protective Order, this category of discovery materials "may not be possessed or accessed by the defendant except when reviewing the Protected Witness Discovery Material in the presence of defense counsel or defense staff." (ECF Doc. 141, ¶ 3.) The COVID-19 pandemic has made this restriction unworkable. Because of the rapid spread of COVID-19 in New York State, on March 20, 2020, Governor Andrew Cuomo ordered that all non-essential workers—counsel included—remain at home to slow the spread of COVID-19.[1] This Order effectively precludes counsel from physically meeting with our clients. Thus, under

---

[1] *See* Keshia Clukey and Henry Goldman, "Cuomo Orders 100% of Nonessential N.Y. Workforce to Stay Home," *Bloomberg News* (Mar. 20, 2020), available at: https://www.bloomberg.com/news/articles/2020-03-20/n-y-gov-cuomo-100-percent-of-workforce-must-stay-home.

paragraph 3 of the Protective Order, the defendants in this case are now prevented from reviewing the "Protected Witness Discovery Material," in preparation of their own defenses.

In recognition of these extraordinary circumstances, the parties have agreed to the following suspension and modifications of paragraph 3 of the Protective Order:

- Defendants may review Protected Witness Discovery Material in their personal residences, outside the presence of counsel.

- Defendants may not copy the Protected Witness Discovery Material, nor share it with, or disseminate it to, any other person.

- All other provisions governing the broader category of Protected Discovery Material in the Protective Order shall continue to apply to all Protected Witness Discovery Material.

- As soon as circumstances change such that review of the Protected Witness Discovery Material in the presence of defense counsel or defense staff, as provided in the original Protective Order, becomes feasible, the defendants and the government agree that these modifications shall be terminated unless the Court determines otherwise. The parties shall meet and confer as to when the circumstances have so changed, but the government may at any time petition the Court to have the original provisions of the Protective Order reinstated.[2]

Accordingly, ae respectfully request that the Court "so order" these proposed changes to the Protective Order.

                                          Respectfully submitted,

                                            /s/ HEM
                                      Henry E. Mazurek
                                      Ilana Haramati
                                      Meister Seelig & Fein LLP
                                      125 Park Avenue, Suite 700
                                      New York, New York 10017
                                      *Counsel for Defendant Andrew Campos*

cc:      Counsel of Record (*via ECF*)

---

[2] By this agreement to modify the Protective Order to account for the changed circumstances of the COVID-19 pandemic, the defendants do not waive our original objections to the restrictions on "Protected Witness Discovery Material," on grounds of being unnecessary and unduly burdensome which were first raised at the January 16, 2020 conference. Defendants also reserve our right to re-assert these objections at any time as circumstances warrant.